AO 91 (Rev. 11/11) Criminal Complaint

SCZ

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America<br>v.<br>Raymond Guzman<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.<br><br>**H18-1879M** |

NOV 20 2018

David J. Bradley, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 16, 2018__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A (a)(2)(B) | Any person who knowingly receives or distributes any material that contains child pornography that has been mailed, or using any mean or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. Any person who knowingly possesses any material that contains an image of child pornography that has been mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer. |
| 18 U.S.C. § 2252A (a)(5)(B) | |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert J. Guerra, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/20/18__

_____
*Judge's signature*

City and state: __Houston, Texas__    Peter Bray, USMJ
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert J. Guerra, being duly sworn, hereby depose and state the following:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Special Agent in Charge (SAC), in Houston, Texas. I have been so employed since November 2005. As part of my daily duties as an FBI agent, I am assigned to the FBI Houston Child Exploitation Task Force which, among other things, investigates criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252A and 2252A et seq. I have received training in the areas of child pornography and child exploitation. I have had the opportunity to observe and review numerous examples of child pornography in all forms of media including computer media. Child Pornography, as defined in 18 U.S.C. § 2256, is:

"any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct."

2. This Affidavit is made in support of a criminal complaint charging Raymond GUZMAN with violating 18 U.S.C. § 2252A(a)(2) & (a)(5)(B) (receipt and possession of child pornography).

3. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation, I have set forth only those facts that I believe are necessary to establish probable cause that evidence of violation of 18 U.S.C. § 2252A(a)(2) & (a)(5)(B) (receipt and possession of child pornography) on or about September 16, 2018, have been

1

committed by Raymond GUZMAN. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

4. An ever present and a continually evolving phenomenon on the Internet is peer to peer file sharing (hereinafter, "P2P"). P2P file sharing is a method of communication available to Internet users through the use of special software. The software is designed to allow users to trade digital files through a worldwide network that is formed by linking computers together.

5. On or about September 16, 2018, your Affiant, using a computer connected to the Internet and utilizing a law enforcement tool, that allows for single-source downloads from the BitTorrent P2P network, conducted an investigation regarding the sharing of child pornography through that network.

6. Your Affiant identified a computer on the BitTorrent P2P file sharing network with the IP address of 107.218.2.20 as a potential download candidate (source) for several files of investigative interest. Your Affiant directed his investigation to this computer at IP address 107.218.2.20 as it had been detected as being associated with investigative files of interest by investigators conducting keyword searches or hash value searches for files related to child exploitation material, including child pornography, on the BitTorrent network.

7. On September 16, 2018, between the times of 22:29:42 (GMT -05:00) and 22:33:38 (GMT -05:00), your Affiant successfully completed the download of at least 6 viewable video files depicting child pornography, via single source download, which the computer at IP address 107.218.2.20 was making available. Following the downloads, your Affiant reviewed the files obtained during those various sessions and believes, based on his training and experience, that all of the video files obtained from IP address 107.218.2.20 are child pornography as defined in Title 18, United States Code, Section 2256. The file names and the descriptions of 3 child pornography files downloaded from IP address 107.218.0.20 are given below:

a) **3006-1.3pg**- This is a video file that is approximately 1 minute and 13 seconds in length, depicting a minor female, who appears to be under the age of 10, being digitally penetrated by an adult female's finger.

**b) 3006-2.3pg** – This is a video file that is approximately 1 minute and 14 seconds in length, depicting a minor female, who appears to be under the age of 10, being digitally penetrated by an adult female's finger.

**b) 3006-5.3pg** – This is a video file that is approximately 1 minute and 10 seconds in length, depicting a minor female, who appears to be under the age of 10, being digitally penetrated by an adult female's finger as well as what appears to be a toothbrush.

8. Your Affiant determined that IP address 107.218.0.20 was registered to the Internet Service Provider (ISP) AT&T Internet Services. On or about September 20, 2018, AT&T Internet Services responded to an administrative subpoena and provided account information for IP address 107.218.0.20 assigned during the undercover session conducted by your Affiant. The account information provided by AT&T Internet Services listed the subscriber as Mercedes Guzman, residing at a specific address located in Tomball, Texas.

9. On November 6, 2018, FBI Houston executed a federal search warrant at the specific address provided by AT&T Internet Services. Upon the execution of said search warrant, Raymond GUZMAN, hereinafter referred to as "GUZMAN", was identified and subsequently interviewed by your Affiant and SA Ryan J. Shultz. After being advised of his *Miranda Rights*, GUZMAN agreed to make a statement.

10. GUZMAN advised that he had utilized TOR browser as well as a website called Tumblr to download digital media to include child pornography images and videos via the Internet, a means and facility of interstate commerce. GUZMAN stated investigators would not find any child pornography on his devices. GUZMAN stated he uses a wiping program to erase the child pornography he downloaded in an attempt to remove the files completely. GUZMAN admitted to downloading child pornography as recently as a month prior to contact with the interviewing agents. GUZMAN stated he had been seeking out child pornography files since he was approximately 13 years old.

11. GUZMAN admitted to using the search terms, "hussyfan", "r@ygold" and "pthc" to seek out files depicting child pornography on the Internet. Your Affiant recognizes all of the search terms provided by GUZMAN as terms known to be associated with files depicting child pornography. GUZMAN acknowledged that he had to seek out specific

3

12.     You Affiant previewed GUZMAN's cellular telephone pursuant to the execution of the search warrant conducted on November 6, 2018. During your affiant's preliminary review, your affiant observed 1 video file depicting child pornography on said device. Below is a description of the video file found during the preliminary review conducted by your Affiant, who believes based on his training and experience, that the files listed below are child pornography as defined in Title 18, United States Code, Section 2256:

**aa) Video 27-09-2017, 03 47 12.mov-** is a video file that is approximately 58 seconds in length depicting a minor female, who appears to be under the age of 12, being sexually assaulted by an adult male.

## CONCLUSION

13.     Based on all information set forth above, your Affiant believes there is probable cause to believe that on or about July 1, 2018, Raymond GUZMAN, was in violation of Title 18 U.S.C. § 2252A (a)(2) and 2252A (a)(5)(B)- the receipt and possession of child pornography.

_____
Robert J. Guerra
Special Agent, FBI

Subscribed and sworn before me this 19th day of November 2018, and I find probable cause.

_____
Peter Bray
United States Magistrate Judge

4